UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANNY P. VINSON**, Plaintiff, v. **WILLIS CHAPMAN**, Defendant. | 2:18-cv-12657 HON. TERRENCE G. BERG **ORDER STAYING CASE PENDING EXHAUSTION OF STATE COURT REMEDIES** |

Pro se Petitioner Danny Vinson is a state prisoner at Thumb Correctional Facility in Lapeer, Michigan. On August 24, 2018, he filed an application for a writ of habeas corpus under 28 U.S.C. §2254. ECF No. 1. Presently before the Court is Petitioner's motion to stay these proceedings and hold his habeas petition in abeyance while he continues to exhaust state court remedies (ECF No. 11). The Court will grant the motion so that Petitioner may pursue exhaustion of his state court remedies.

The doctrine of exhaustion of state remedies requires that state prisoners allow the state courts an opportunity to act on their claims before they present them to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one

complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 847. Accordingly, to properly exhaust state remedies a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising those claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009); *cf. Rose v. Lundy*, 455 U.S. 509 at 510, 522 (1982) (explaining that a federal court ordinarily must dismiss a petition containing any unexhausted claims). Because dismissal of Petitioner's currently pending habeas petition while he pursues state court remedies could result in a subsequent petition being barred by the one-year statute of limitations, the Court will instead hold Petitioner's habeas petition in abeyance until he finishes the process of exhausting state court post-conviction remedies. *See* 28 U.S.C. § 2244(d).

The United States Supreme Court has approved a "stay and abeyance" procedure that allows district courts to stay federal court proceedings and hold a habeas petition in abeyance while the petitioner pursues state remedies for his or her unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Federal district courts ordinarily have

authority to issue stays, and courts in this district have permitted habeas petitioners to stay fully exhausted habeas claims pending the exhaustion of other claims in state court. *See, e.g.*, *Foster v. Winn*, No. 15-12265, 2017 WL 4296602 (E.D. Mich. Sep. 28, 2017); *Thomas v. Stoddard*, 89 F.3d 937 (E.D. Mich. 2015); *see also Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016) (holding that a district court has discretion to issue stays in cases of fully exhausted petitions). After the prisoner exhausts his state court remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275–76. This procedure normally is available when the petitioner had good cause for the failure to exhaust his state court remedies, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.*

Here, Petitioner's habeas petition contains several claims that appear to be exhausted, including claims for prosecutorial misconduct, ineffective assistance of counsel, improper judicial fact-finding, and impermissible use of prior bad act evidence at trial. ECF No. 1 PageID.2. He has not provided the Court with information about the unexhausted claims he is now pursuing through the state court system but the Court has no reason to believe those claims are plainly meritless, nor does

Petitioner appear to be engaged in intentionally dilatory litigation tactics. The Court concludes that it would not be an abuse of discretion to stay this case while Petitioner continues to exhaust his state court remedies. The Court therefore grants Petitioner's motion to hold this case in abeyance.

## CONCLUSION

Petitioner's motion to hold his petition for a writ of habeas corpus in abeyance pending exhaustion of his state court remedies is hereby **GRANTED.** Petitioner shall notify this Court of the Michigan Supreme Court's decision on his state post-conviction proceedings within 60 days of that court's ruling. If Petitioner wishes to amend his habeas corpus petition after he has finished exhausted state court remedies, he must do within 60 days of the Michigan Supreme Court's decision on his additional request for post-conviction relief. Failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**SO ORDERED.**

Dated: April 30, 2019         s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE